KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (SBN 063370)
  dkinsella@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
GREGORY S. GABRIEL (SBN 239902)
  ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for ROAR, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROAR, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>     vs.<br><br>ROAR GLOBAL LIMITED, a United Kingdom entity of unknown form, dba ROAR GLOBAL; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:15-cv-5865<br><br>**COMPLAINT FOR:**<br>**(1) Trademark Infringement in Violation of 15 U.S.C. § 1144; and**<br>**(2) Trademark Infringement in Violation of 15 U.S.C. § 1125(a)**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Roar, LLC ("Roar") alleges as follows:

## THE PARTIES

1. Roar is a limited liability company organized and existing under the laws of California, with its principal place of business in Los Angeles County, California.

2. Defendant Roar Global Limited ("Roar Global") is an entity of unknown form organized and existing under the laws of the United Kingdom, with its principal place of business in London, England.

3. Roar is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. Roar will seek leave of this Court to amend this Complaint to allege their true names and capacities when ascertained. Roar is informed and believes, and based thereon alleges, that each fictitiously named defendant is responsible in some way for the acts, occurrences, and events alleged in this Complaint and is liable to Roar therefor.

4. Roar Global and Does 1 through 10, inclusive, are referred to herein collectively as "Defendants."

5. Roar is informed and believes, and based thereon alleges, that each of the Defendants was the agent or employee of each other Defendant and was acting within the scope of such agency or employment at all relevant times.

## JURISDICTION AND VENUE

6. This action arises under the Lanham Act, 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claim occurred here, and the intellectual property that is the subject of the action is situated here. Alternatively, venue is proper in this Judicial District pursuant to 28 U.S.C. §

1391(b)(3) on the basis that Defendants are subject to personal jurisdiction in this District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Roar's Ownership Of The ROAR Trademark And Registration

8. Roar is an established, successful talent management company that has conducted business under the ROAR trademark since 2000. Roar has offices throughout the United States, including in Los Angeles and New York. Since no later than 2000, and continuously to this day, Roar has used the ROAR trademark in commerce in connection with, *inter alia*, its management and representation of high profile clients in the film, television, and music industries.

9. In addition to owning common law trademark rights in ROAR, Roar is further the owner of United States Trademark Registration No. 3,015,285 for the use of ROAR in International Class 35 (including for the management of performing artists) and International Class 41 (including for the production and organization of live entertainment events) (hereinafter, the "Registered Mark"). The Registered Mark issued on November 15, 2005 based upon a July 13, 2004 application. That Registered Mark has become incontestable pursuant to the Lanham Act.

10. The ROAR trademark and Roar's Registered Mark are at times referred to herein collectively as the "Trademark" or "Mark."

11. The Trademark is well known throughout the entertainment industries as the result of Roar's continuous use of the Mark in connection with talent management. As a result of Roar's longstanding and extensive use of the Trademark, the relevant population has come to identify services under the Mark as emanating solely from Roar.

### Roar Global's Blatant Infringement Of The Trademark

12. Roar is informed and believes, and based thereon alleges, that Roar Global is a talent management agency which, like Roar, represents talent in the music, film, and/or television industries. Roar is informed and believes, and based

thereon alleges, that Roar Global was formerly known as Shalit Global, but changed its name by adopting the Trademark for use in connection with the same type of services provided by Roar.

13. Not only are Defendants using the identical Trademark, but they present the mark similarly. In commerce, Roar presents its trademark in all capital letters—*i.e.*, ROAR. Defendants likewise present their mark with the word "roar" in all capital letters—*i.e.*, ROAR Global.

14. Defendants use the Trademark not just in connection with Roar Global and its talent management services, but also in connection with related ventures including ROAR Music and ROAR Sport.

15. Although Defendants' principal place of business is in the United Kingdom, Defendants have conducted business in the United States (and specifically in this Judicial District) using the ROAR Trademark and/or have advertised or promoted their services in the United States (and specifically in this Judicial District) using the Mark. Among other things, Roar is informed and believes, and based thereon alleges, that Defendants have used and do use the Trademark in communicating with talent agents and others in the music, film, and/or television industries in the United States (and specifically in this Judicial District) in representation of their clients and to promote and offer their services as a talent management company.

16. Further, Defendants use the Trademark extensively via the internet to advertise their services in the United States. Defendants adopted the Trademark in the domain name of their website—roarglobal.com. The roarglobal.com website, which is readily accessible to consumers in the United States, uses the Trademark throughout.

17. Defendants' use of the identical Trademark, presented in the identical fashion, in the identical industries in which Roar operates, and in connection with the same services that Roar provides, is manifestly likely to cause confusion,

mistake, and/or deception in the minds of the relevant public as to the origin of the parties' services. And in fact, Roar is already aware of instances of consumer confusion, in which Defendants promoted their services to persons in this Judicial District who were confused into believing that Roar Global was identical to or associated with Roar.

18. Defendants' unauthorized use of the Trademark is also likely to and has caused confusion online. A Google search of "roar management" elicits a first hit for Defendants' website, followed by hits for Roar's website ([www.roar.la](www.roar.la)) and articles about Roar. Consumers who encounter the parties online—like those who have encountered Roar Global through direct contact—are likely to believe that Roar is simply shorthand for Roar Global, or that it is a division of Roar Global (or vice versa).

19. Such online confusion has already occurred. For example, the website imanactor.com provides information for "ROAR Global," but lists the address and personnel for Roar. As in this example, those who encounter Roar and Roar Global providing identical types of talent management services are certain to believe that they are one in the same or are associated with each other.

20. Defendants adopted and are using the Trademark without authorization from Roar. Defendants' adoption of the ROAR Trademark was willful, in that it was done with specific knowledge of Roar's rights or in reckless disregard of Roar's rights in the Trademark, which Defendants would easily have ascertained by a simple search of United States Patent & Office records (or even Google).

21. Roar has demanded that Defendants cease and desist any use of the Trademark, but Defendants refuse to do so and persist in their willful infringement of the Mark. Roar is left with no choice but to seek relief from this Court.

### FIRST CLAIM FOR RELIEF
**(Trademark Infringement (15 U.S.C. § 1114) – Against All Defendants)**

22. Roar realleges and incorporates by reference each and every preceding

allegation as though fully set forth herein.

23. Roar owns a valid, incontestable registration for the trademark ROAR.

24. Defendants have infringed and continue to infringe the Registered Mark by using an identical or confusingly similar mark on related services without Roar's permission. Defendants' unauthorized use of the Registered Mark is likely to confuse and has confused consumers in the relevant market.

25. Defendants' infringement as alleged herein, and the confusion and mistake that have resulted or are likely to result therefrom, are causing and will continue to cause damage to Roar, including damage to its business, profits, and to the valuable goodwill associated with the Registered Mark. Defendants' past and continued use of the Registered Mark is irreparably harming Roar and its Registered Mark. Roar is therefore entitled to equitable relief including but not limited to a preliminary injunction and permanent injunction preventing any further use of the Registered Mark by Defendants in the United States or directed to consumers in the United States.

26. Further, as a direct and proximate result of the acts of trademark infringement alleged herein, Roar has been damaged in an amount presently unknown but which will be proven at the time of trial. Roar is entitled to the full range of relief available under the Lanham Act, including, without limitation, actual damages, treble damages, and/or an award of Defendants' profits arising from their acts of trademark infringement,

27. The foregoing acts of infringement make this an exceptional case within the meaning of 15 U.S.C. § 1117, such that Roar is further entitled to an award of attorneys' fees.

### SECOND CLAIM FOR RELIEF

**(False Designation of Origin (15 U.S.C. § 1125(a) – Against All Defendants)**

28. Roar realleges and incorporates by reference each and every preceding allegation as though fully set forth herein.

29. Roar owns valid rights in the Trademark.

30. Defendants have infringed and continue to infringe the Trademark by using an identical or confusingly similar mark on related services without Roar's permission. Defendants' unauthorized use of the Trademark is likely to confuse and has confused consumers in the relevant market.

31. Defendants' infringement as alleged herein, and the confusion and mistake that have resulted or are likely to result therefrom, are causing and will continue to cause damage to Roar, including damage to its business, profits, and to the valuable goodwill associated with the Trademark. Defendants' past and continued use of the Trademark is irreparably harming Roar and its Trademark. Roar is therefore entitled to equitable relief including but not limited to a preliminary injunction and permanent injunction preventing any further use of the Trademark by Defendants in the United States or directed to consumers in the United States.

32. Further, as a direct and proximate result of the acts of trademark infringement alleged herein, Roar has been damaged in an amount presently unknown but which will be proven at the time of trial. Roar is entitled to the full range of relief available under the Lanham Act, including, without limitation, actual damages, treble damages, and/or an award of Defendants' profits arising from their acts of trademark infringement.

33. The foregoing acts of infringement make this an exceptional case within the meaning of 15 U.S.C. § 1117, such that Roar is further entitled to an award of attorneys' fees.

WHEREFORE, Roar prays for judgment as follows:

1. For a preliminary and permanent injunction enjoining and restraining Defendants, their affiliates, and each of their respective officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith, from using the Trademark or

6
COMPLAINT

any confusingly similar mark in connection with any services provided in the United States or directed to consumers in the United States, including via the internet;

    2.    For actual damages in an amount to be proven at trial;

    3.    For an accounting and award of Defendants' profits from the trademark infringement alleged herein;

    4.    For an award of costs and attorneys' fees; and

    5.    For such other and further relief as the Court may deem just and proper.

DATED: August 4, 2015        KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:    /s/ Gregory Korn
       Gregory P. Korn
       Attorneys for ROAR, LLC

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## **DEMAND FOR JURY TRIAL**

Plaintiff Roar, LLC hereby demands trial by jury of all issues so triable in this action, as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: August 4, 2015  KINSELLA WEITZMAN ISER
 KUMP & ALDISERT LLP


 By:  /s/ Gregory Korn
  Gregory P. Korn
  Attorneys for ROAR, LLC