KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (SBN 063370)
dkinsella@kwikalaw.com
GREGORY P. KORN (SBN 205306)
gkorn@kwikalaw.com
GREGORY S. GABRIEL (SBN 239902)
ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiff ROAR, LLC

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROAR, LLC, a California limited liability company,

Plaintiff,

vs.

ROAR GLOBAL LIMITED, a United Kingdom entity of unknown form, dba ROAR GLOBAL; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:15-cv-05865-ODW-AFM

**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Plaintiff Roar, LLC ("Plaintiff") and Defendant Roar Global Limited ("Defendant") hereby submit the following Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's standing order:

## I. INFORMATION DISCUSSED PURSUANT RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### A. Initial Disclosures

The parties have stipulated to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before December 4, 2015.

### B. Discovery

#### 1. Subjects of Discovery

The parties anticipate that they will need to take discovery with regard to the following topics, among others:

Plaintiff's subjects of discovery

(a) Defendant's selection and adoption of the ROAR trademark;

(b) Defendant's trademark clearance efforts, if any, prior to selection and adoption of the ROAR trademark;

(c) Defendant's use of the ROAR trademark, particularly with regard to its use of the mark in the United States;

(d) Defendant's connections with the United States, including without limitation those relating to its use of the ROAR trademark;

(e) The identity of those involved in clearing, selecting, and adopting the ROAR trademark;

(f) Confusion occurring as the result of Defendant's use of the ROAR trademark;

(g) Profits earned by Defendant as the result of its use of the ROAR trademark.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Defendant's Subjects of Discovery

(a) who, as between Plaintiff and Defendant, has priority of use;

(b) who, as between Plaintiff and Defendant, has priority of use in the United Kingdom and in the European Community;

(c) who, as between Plaintiff and Defendant, has priority of use in the United States;

(d) Plaintiff's selection and adoption of its mark;

(e) Plaintiff's trademark clearance efforts, if any, prior to selection and adoption of its mark;

(f) Plaintiff's use of its mark as compared to Defendant's use;

(g) the identity of those involved in clearing, selecting, and adopting Plaintiff's mark;

(h) the protectabilility of Plaintiff's mark;

(i) the likelihood of confusion, if any, as the result of the respective uses of the marks at issue; and

(j) issues pertaining to damages and willfulness.

**2. Completion of discovery.**

The parties propose to complete discovery pursuant to the proposed schedule attached as Exhibit A hereto.

**C. Electronically stored information.**

The parties do not anticipate any disputes relating to the disclosure or discovery of electronically stored information.

**D. Privileged matters.**

The parties will negotiate a Protective Order to protect the disclosure of confidential information. This Order will include a procedure by which the parties can assert claims of privilege or confidentiality after production.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**E. Orders pursuant to Rules 16(b), 16(c), or 26(c)**

The parties will seek the entry of a Protective Order that will govern the disclosure of confidential information produced during the course of discovery. The parties will attempt to reach agreement on the language of such a stipulation and will submit it to the Court for approval. At this time, the parties are unaware of any Orders, other than a Scheduling Order, that should issue pursuant to Rules 16(b) or (c) of the Federal Rules of Civil Procedure.

## II. INFORMATION DISCUSSED PURSUANT TO LOCAL RULE 26-1

**A. Complex Cases**

The parties agree that this case is not sufficiently complex to require use of the Manual for Complex Litigation.

**B. Motion Schedule**

Plaintiff anticipates filing a motions for summary adjudication on the issue of Defendant's liability for trademark infringement. Defendant anticipates filing motions to bifurcate and motions in limine at the appropriate time. The parties propose that dispositive motions be filed in accordance with the schedule attached as Exhibit A hereto.

**C. Settlement**

Counsel for the parties have had settlement discussions both before and since the filing of this action. The parties desire to participate in a non-judicial mediation – Settlement Procedure No. 3 pursuant to Local Rule 16-15.4.

**D. Expert Witnesses**

The parties propose that experts be disclosed in accordance with the schedule attached as Exhibit A hereto.

## III. ADDITIONAL INFORMATION PURSUANT TO COURT'S SCHEDULING CONFERENCE ORDER

**A. Listing and Proposed Schedule Of Discovery And Depositions**

Plaintiff anticipates propounding requests for production of documents,

interrogatories, and requests for admission no later than November 30, 2015. Plaintiff anticipates conducting 5-7 depositions, to begin in or about March 2016.

Defendant anticipates propounding requests for production of documents, interrogatories, and requests for admission no later than January 15, 2016. Plaintiff anticipates conducting 2-4 depositions, to begin in or about March 2016.

Because Defendant and its officers and employees are located in London, England, Plaintiff anticipates that the coordination and conduct of depositions will take additional time than would otherwise be required. The parties have proposed a schedule for completion of discovery, attached hereto as Exhibit A, which contemplates this fact while also being mindful of the Court's stated intention to impose tight deadlines to complete discovery.

**B. Listing And Proposed Schedule Of Law And Motion Matters**

Plaintiff anticipates filing no motions relating to the pleadings. Plaintiff anticipates filing a motion for summary adjudication of Defendant's liability for trademark infringement.

Defendant anticipates filing motions to bifurcate and motions in limine at the appropriate time.

Exhibit A hereto contains proposed dates for completion of law and motion matters (if any) and for hearing on motions for summary judgment and/or summary adjudication.

**C. Settlement Efforts**

Counsel for the parties have discussed settlement and are continuing to do so. The parties are amenable to a non-judicial, private mediation—Settlement Procedure No. 3 pursuant to Local Rule 16-15.4.

**D. Estimated Length Of Trial And Trial Dates**

The parties anticipate a jury trial of 5-7 days. The parties have proposed dates for the Final Pretrial Conference and Trial in Exhibit A hereto.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**E. Parties To Be Added**

Plaintiff is unaware of any parties to be added at this time. However, Plaintiff may choose to amend the Complaint to name individuals who are responsible for the trademark infringement alleged in the Complaint upon discovery of their identity. Plaintiff may also name other entities currently unknown to Plaintiff who have infringed Plaintiff's trademark.

**F. Nature Of Trial**

The parties have demanded a trial by jury.

**G. Other Issues Affecting The Status Or Management Of The Case**

The parties are unaware of other issues affecting the status or management of the case.

**H. Proposals Regarding Severance, Bifurcation, Or Other Ordering Of Proof**

At this time, Plaintiff does not believe that severance or bifurcation is necessary.

Defendant anticipates filing motions to bifurcate and motions in limine at the appropriate time. In particular, Defendant contends that Plaintiff's right to recover profits and other economic damages are tied to the issue of willfulness and, accordingly, Defendant will seek to file a motion to bifurcate as to the issue of willfulness.

**I. Plaintiff's Short Synopsis Of The Case**

Plaintiff is a successful talent management company with offices throughout the United States. Plaintiff's principals manage high-profile talent in the music, film, and television industries.

Since no later than 2000, and continuously to this day, Plaintiff has used the trademark ROAR in connection with its talent management services. In addition to owning common law trademark rights in ROAR, Plaintiff is further the owner of United States Trademark Registration No. 3,015,285 for the use of ROAR in

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

International Class 35 (including for the management of performing artists) and International Class 41 (including for the production and organization of live entertainment events).

Defendant is likewise a talent management company. Defendant has adopted the trademark ROAR GLOBAL for use in connection with its management services. Although based in the UK, Defendant conducts business in the United States, including in this Judicial District.

Defendant's mark ROAR GLOBAL is effectively identical to Plaintiff's mark. The addition of the word "Global" does nothing to disassociate the two companies. Not only is consumer confusion manifestly likely given the parties' use of the same mark in the exact same industry, but actual confusion is occurring. For example, talent agents with whom Plaintiff conducts business have erroneously believed that Defendant's managers and clients were associated with Plaintiff.

Plaintiff seeks injunctive relief and all monetary damages available under the Lanham Act.

**J. Defendant's Short Synopsis Of The Case**

Defendant contends it is the senior user and it has priority of use and therefore priority of right. Defendant contends that Plaintiff does not have a protectable property right in the mark at issue and, even if it does, that there is no likelihood of confusion, especially given that Defendant's business takes place, almost exclusively, in the United Kingdom and Europe.

**K. Amendment Of Pleadings**

Although Plaintiff has no current intention to amend the pleadings, discovery may reveal the identity of additional entities currently unknown to Plaintiff that are affiliated with Defendant and are using and infringing the ROAR trademark. Discovery may also reveal the identity of individuals associated with Defendant whose participation in the selection and use of the ROAR trademark warrants such individuals being named personally. Accordingly, Plaintiff reserves the right to

amend the pleadings to name additional parties based on the results of written discovery and depositions.

Defendant likewise reserves its right to amend its pleadings to the extent necessary based on facts and legal theories which may arise during discovery.

DATED: November 23, 2015

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/ Gregory Korn
Gregory P. Korn
Attorneys for ROAR, LLC

DATED: November 23, 2015

DAVIS WRIGHT TREMAINE LLP

By: /s/ Bruce Isaacs
Bruce Isaacs
Attorneys for ROAR GLOBAL LIMITED

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**EXHIBIT A**

The parties propose the following dates for trial, the completion of discovery, expert disclosures, the completion of expert discovery, and the hearing on dispositive motions:

| Event | Date |
|---|---|
| Deadline to amend pleadings | March 25, 2016 |
| Fact discovery cut-off | July 15, 2016 |
| Disclosure of experts | July 22, 2016 |
| Disclosure of rebuttal experts | August 19, 2016 |
| Expert discovery cut-off | September 15, 2016 |
| Deadline for hearing of case dispositive motions | October 3, 2016 |
| Final Pre-trial Conference | November 7, 2016 |
| Trial | November 22, 2016 |